United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAN ERICKSON,

    Petitioner,

vs.

DERRAL G. ADAMS,

    Respondents.

No. C 09-2945 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He was denied leave to proceed in forma pauperis in an earlier order, but has moved to reconsider the denial.

Venue is proper in this district because the petition is directed to a denial of parole and petitioner is incarcerated in this district. *See* 28 U.S.C. 2241(d).

**DISCUSSION**

**A.** **STANDARD OF REVIEW**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   LEGAL CLAIMS**

Petitioner was convicted of the second degree murder of his father. They lived together in a room in the Graywood Hotel in San Francisco. *See People v. Erickson*, 2009 WL 317054 at *1 (Cal. App. 2008) (unpublished).

As grounds for federal habeas relief petitioner has written only "Involuntary Intoxication," and has provided no facts whatever in the section of the form petition that calls for them. This petition obviously does not state facts that point to a real possibility of constitutional error. The petition will be dismissed with leave to amend.

**C.   IN FORMA PAUPERIS STATUS**

Petitioner's original motion for leave to proceed in forma pauperis ("IFP") was denied, based on the information regarding deposits to his inmate account and the average balance in his inmate account provided by the prison. Petitioner has written saying that he has no money and cannot pay. The motion will be treated as a motion to reconsider the denial of leave to proceed IFP. Upon closer examination it is apparent that the certificate of funds provided by the institution is inaccurate. Although petitioner did have some income, it was, on average, not so substantial as to require denying leave to proceed IFP. The motion to reconsider will be granted and petitioner will be allowed to proceed IFP.

## CONCLUSION

1. Petitioner's letter (document number 5), treated as a motion to reconsider, is **GRANTED**. Leave to proceed IFP (document 1) is **GRANTED**.

    2. The petition is **DISMISSED** with leave to amend within thirty days from the date this order is entered. The amendment must be on the court's form for prisoner section 2254 petitions and must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of these claims.

    3. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:    August 31   , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\ERICKSON2945.DWLTA.wpd

3